**McDONNELL DOUGLAS CORPORATION,**
**Plaintiff-Respondent,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION of the State of Missouri, Division of Employment Security and Michael Korchon, Defendants-Appellants.**

No. 40873.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 1979.

John F. Gillespie, Chief Counsel, Div. of Employment Security, Rick V. Morris, Counsel, D. J. Chatfield, Labor & Industrial Relations Comm., Jefferson City, for defendants-appellants.

Michael Korchon, pro se.

Bryan, Cave, McPheeters & McRoberts, Dennis C. Donnely, Lawrence R. Ehrhard, Rebecca R. Kionka, St. Louis, for plaintiff-respondent.

CRIST, Judge.

Unemployment benefits case under Chapter 288 RSMo 1978. We affirm.

Claimant Michael Korchon ("employee") was employed by McDonnell Douglas Corporation ("employer") for 21 years. He had to retire at the age of 65 by reason of a provision in the union contract between employer and employee's union. At retirement, employee was able to work. He stated that he would have liked to continue working.

After retirement, employee filed a claim for unemployment benefits. A deputy of the Division of Employment Security ("Employment Security") denied benefits for the reason that employee *left his work voluntarily without good cause attributable to his work or to his employer.* After a hearing, an Appeals Referee reversed the deputy's decision and ordered that employee was entitled to unemployment benefits since he had not left his work *voluntarily.* Employer petitioned for review by the Labor and Industrial Relations Commission of Missouri ("Labor Commission"), but this petition was denied so as to affirm the decision of the Appeals Referee.

Employer then filed a petition for judicial review in the circuit court, naming as defendants: Labor Commission and three of its members, Employment Security, and employee. The circuit court held that employee left his work voluntarily by reason of a negotiated contract between employer and employee's union. We agree.

There is no Missouri case on the question of whether or not an employee voluntarily leaves his work when he retires at an age mandated by a union contract. There is a split of authority in other states. Annot., 50 A.L.R.3rd 880 (1973). The leading case on the proposition that an employee's contractually mandated retirement is involuntary seems to be *Campbell Soup Co. v. Board of Review,* 13 N.J. 431, 100 A.2d 287 (1953).

The Missouri Employment Security Act ("Act") was enacted to protect citizens of this state from the "economic insecurity" of unplanned unemployment. The statute was enacted at a time of major economic depression in the country and was intended to provide benefits to those persons who became unemployed "through no fault of their own." This stated purpose of the Act has remained in the statute throughout subsequent reenactment by the Legislature. Section 288.020 RSMo 1978. The purpose of the Act has been explained as follows:

> The reserve set up and maintained under the Employment Security Law of Missouri is, as stated, expressly for the use and benefit of persons who are unemployed *due to no fault of their own.* Section 288.020. The word "fault" as used in that section is not limited to "conduct of the employee which is blameworthy, culpable, wrongful, or worthy of censure, but *means failure of volition.* * * * *"; that "an employee ordinarily is deemed to have left work voluntarily when he has left of his own motion or accord as opposed to a *discharge, dismissal, or layoff* by the employer, or other action by the employer severing relations with his employees".

*Neeley v. Industrial Commission of Missouri, Division of Employment Security,* 379 S.W.2d 201, 205 (Mo.App.1965). (Emphasis supplied; citations omitted.)

Consistent with this purpose, Section 288.050, subd. 1 (1) RSMo 1978 states that a claimant shall be disqualified for waiting week credit or benefits until after he has earned wages equal to ten times his weekly benefit amount where there is a finding "[t]hat he has left his work voluntarily without good cause attributable to his work or his employer."

Employee had, through his bargaining agent, constructive if not actual knowledge of the terms and conditions of his employment, including the mandatory retirement provision of the pension plan by which he was covered. Employee's union, his collective bargaining agent, had negotiated a contract with employer by which union agreed on behalf of its members that, in exchange for considerations, including a pension furnished by employer, the employee members of the union would retire at a given age. In *Kilgore v. Industrial Commission of Missouri,* 337 S.W.2d 91, 98 (Mo. App.1960), the court quoted with approval *Anson v. Fisher Amusement Corp.,* 254 Minn. 93, 93 N.W.2d 815, 819 (1958) as follows:

> Whether the separation from the employment is the voluntary or involuntary act of the employee is determined not by the immediate cause or motive for the act but by whether the employee *directly* or *indirectly* exercised a free-will choice and

control as to the performance or nonperformance of the act. If the act of employment separation was performed by him directly of his own free will, or indirectly by his act of vesting in another discretionary authority to act in his behalf, the ultimate resulting act is a voluntary one which disqualifies him for compensation. This is likewise true when an employee acts directly in obedience to a representative control which, by his own choice, he has vested in another as his agent.

No authority need be cited for the statement that a labor union does not contract as an agent of the employer. It is equally clear that a union is the agent of its members.

The rationale of the *Kilgore* decision was subsequently reaffirmed in *Dubinsky Brothers, Inc. v. Industrial Commission of Missouri*, 373 S.W.2d 9 (Mo. banc 1963).

Employee voluntarily entered into a binding contract through his agent and with his employer. His act of retirement must be deemed voluntary as it was a condition of employment to which he had agreed through the action of his collective bargaining agent.

The collective bargaining agreement is, by its very nature, a give-and-take proposition. Employees, through their collective bargaining agent might defer securing immediate wages or other benefits in order to provide for pension benefits or other benefits upon retirement. Here, the union negotiated presumably the highest benefit for the mandatory retirement of its members. Employee's participation, through his agent, in this collective bargaining process, is clearly inimical to Labor Commission's finding that his retirement was not voluntary".

The judgment of the circuit court is affirmed. This cause is remanded to the Labor and Industrial Relations Commission of Missouri with directions to take such action as may be necessary to implement fully the foregoing opinion and the judgment of this court.

DOWD, P. J., and REINHARD, J., concur.